# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

**ALROY T. WEBB, Individually and**
on behalf of those similarly situated,

    Plaintiff,

v.                                            Civil Action No. 2:15-cv-13840

                                                          Judge: _____

**FRONTIER COMMUNICATIONS**
**ONLINE AND LONG DISTANCE INC.,**

    Defendant.

## COMPLAINT

Plaintiff, Alroy Webb, brings this action against Frontier Communications Online and Long Distance Inc. ("Frontier") and alleges as follows:

### I. NATURE OF THE ACTION

1. This is a civil action against Frontier for its unlawful conduct in violation of the Family Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA"). Specifically, Frontier has established a uniform policy and practice that interferes with its employees who take FMLA leave as prohibited by 29 U.S.C. § 2615(a)(1), 29 C.F.R. §§ 825.220(c), and 825.215. To enforce federal law and to stop this practice, the Plaintiff, Alroy Webb, brings this action on his own behalf and on behalf of all current and former employees of Frontier who have taken FMLA leave.

### II. JURISDICTION & VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. The United States District Court for the Southern District of West Virginia is the proper venue for this action under 28 U.S.C. § 1391(b) and Local Rule of Civil Procedure 77.2 because a substantial part of the events giving rise to Plaintiff's claims arose out of Defendant's Charleston, West Virginia office, located within this judicial district and division.

### III.   PARTIES

**A.   Defendant**

4. Frontier is a for-profit Delaware corporation providing telephone and internet service in the United States, mainly serving rural areas and smaller communities.

5. Frontier's principal place of business in the United States is 3 High Ridge Park, Stamford, Connecticut, 06905.

6. Frontier employed Plaintiff in the Southern District of West Virginia at its Charleston West Virginia located at 1500 Maccorkle Avenue.

7. Frontier provides telephone and Internet service, and sales and support of the same, in the Southern District of West Virginia.

8. Frontier is and was engaged in the sales, support, and provision of telephone and Internet services across interstate lines throughout the United States.

9. Frontier is and was engaged in interstate commerce and its annual total revenue is not less than $500,000.00.[1]

10. At all times relevant to this Complaint, Frontier is or was the "employer" of Plaintiff within the meaning of 29 U.S.C. § 2611(4)(A) and is engaged in "commerce" as defined in 29 U.S.C. § 2611(1).

---

[1] http://investor.frontier.com/secfiling.cfm?filingID=20520-15-11&CIK=20520

**B.     Plaintiff**

11.     Plaintiff Alroy Webb, at all relevant times herein, lived in the Southern District of West Virginia, and worked for Defendant in the Southern District of West Virginia from June 2010 until December 18, 2013.

### IV. GENERAL ALLEGATIONS

12.     Plaintiff worked for Frontier as a customer service representative until he was terminated on December 18, 2013.

13.     During the course of Plaintiff's employment, he performed his duties in a satisfactory manner and met the reasonable expectations of Frontier.

14.     In 2011, Plaintiff applied for FMLA benefits relating to a serious health condition arising out of a motorcycle accident.

15.     At the time of submitting his application, Plaintiff had been employed with Defendant for twelve (12) months and had worked at least 1,250 hours during the prior twelve (12) months.

16.     Plaintiff's physician, Brent Zerkle, DC, completed the necessary FMLA paperwork and placed Plaintiff on intermittent leave.

17.     Plaintiff timely returned the FMLA paperwork to Frontier and his request for intermittent leave under the FMLA was approved.

18.     The leave requested by Plaintiff qualified as medical leave under the FMLA.

19.     During the course of Plaintiff's employment and unbeknownst to Plaintiff, Frontier outsourced the administration of its FMLA claims to a third party, Prudential Insurance Company of America.

20. In doing so, Frontier implemented a new policy regarding intermittent leave which it failed to communicate to its employees.

21. Plaintiff did not become aware of the new policy until the day he was terminated.

22. Under Frontier's policy, there would be a violation of its attendance policy if an employee on FMLA had over two occurrences (medical related absences) in a work week.

23. Pursuant to Frontier's policy, if an employee who is on FMLA misses two consecutive days in a workweek, it only counts as one occurrence. However, if an employee misses just one day in a workweek, it also counts as one occurrence.

24. Frontier generated and published a work schedule to its employees.

25. Plaintiff normally worked on Monday, Wednesday, Thursday, Friday, and Saturday, with having Tuesday and Sunday off.

26. Pursuant to his physician's orders, Plaintiff was permitted to take intermittent leave as needed.

27. During two separate workweeks in 2013, Plaintiff provided Frontier adequate notice of his intention to take FMLA intermittent leave on Monday, Wednesday, and Friday.

28. Even though Plaintiff had already taken the intermittent leave, Frontier retroactively went back and denied Plaintiff's leave for these workweeks "as all leave under FMLA" because the leave violated Frontier's intermittent leave policy.

29. For example, Plaintiff had Tuesday off from work. Instead of counting Monday and Wednesday as two consecutive workdays which would have only counted as one occurrence, Frontier counted Monday and Wednesday as two separate occurrences and Friday as another occurrence pursuant to its uniform company policy.

30. Consequently, Frontier, through its agents/supervisors, Christina Elswick and Alicia Saunders, willfully terminated Plaintiff for absenteeism on December 18, 2013.

31. Based upon Frontier's actions, Plaintiff was subjected to negative consequences as a result of him taking FMLA leave.

## V.  CLASS ACTION ALLEGATIONS

32. This paragraph incorporates by reference all of the preceding paragraphs as if they were set forth fully herein.

33. Plaintiff seeks relief pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following proposed class:

> All current and former employees of Frontier who took FMLA leave within three years of the filing of this complaint who were subjected to negative consequences, including but not limited to, demotion, refusal to promote, discharge, or constructive discharge.

34. Plaintiff reserves the right to refine the class definition in light of discovery and additional investigation.

35. Because Frontier's violations of the FMLA are willful, the class period runs from three years prior to the date of the commencement of this action through the date of final disposition of this action pursuant to 29 U.S.C. § 2617(c)(2) and 29 C.F.R. § 825.400.

36. Upon information and belief, Plaintiff does not know the exact size of the putative class, but does know that Frontier employs thousands of employees throughout the United States.

37. Upon information and belief, Frontier established a uniform policy and practice that interferes with employees who take FMLA leave.

38. Frontier interfered with Plaintiff and class members who took time off from work under FMLA, subjecting them to negative consequences including, but not limited to, demotion, refusal to promote, discharge, or constructive discharge.

39. Plaintiff's claims are typical of the claims of all putative class members, who allege Frontier's uniform policy and practice of interference against employees who take FMLA leave subjecting them to negative consequences including, but not limited to, demotion, refusal to promote, discharge, or constructive discharge.

40. Plaintiff's claim is typical of those of the putative class and said claims are based on the same legal and factual theories.

41. Plaintiff will fairly and adequately protect the interests of the class.

42. There are no known conflicts of interest between Plaintiff and the other members of the putative class.

43. A class action is a superior method for the fair and efficient adjudication of this particular claim and controversy.

44. The putative class is so numerous that joinder of all members is impractical.

45. The management of this class claim is likely to present no particular difficulties

**CAUSE OF ACTION**
**Violation of 29 U.S.C. § 2615(a)(1)**
**(Individual claim and class claim)**

46. This paragraph incorporates by reference all of the preceding paragraphs as if they were set forth fully herein.

47. An employer is prohibited from interfering with, restraining, or denying an employee from exercising any right under the FMLA pursuant to 29 U.S.C. § 2615(a)(1) and 29 C.F.R. § 825.220.

48. An employer cannot use the taking of FMLA leave as a negative factor in employment actions such as demotion, refusal to promote, discharge, or constructive discharge. 29 C.F.R. § 825.215.

49. Frontier willfully violated the FMLA by establishing a uniform policy and practice that interferes with and subjects its employees to negative consequences.

50. At the time Plaintiff was employed with Frontier, he was an eligible employee under the FMLA.

51. During Plaintiff's employment, Frontier was a covered employee under the FMLA.

52. Plaintiff was entitled to leave under the FMLA.

53. Plaintiff provided Frontier adequate notice of his intention to take FMLA leave.

54. Frontier denied Plaintiff FMLA benefits to which he was entitled.

55. Frontier used Plaintiff's FMLA leave as a negative factor in its decision to terminate his employment.

56. As a direct and proximate result of Frontier's actions, Plaintiff and putative class members have suffered, and will continue to suffer, lost wages and benefits in an amount to be determined by the jury, and are entitled to damages for lost wages and benefits, and liquidated damages.

57. As a direct and proximate result of Frontier's actions, Plaintiff and class members are entitled to damages for indignity, embarrassment, humiliation and emotional distress in an amount to be determined by the jury.

58. Frontier's actions were willful, wanton and/or undertaken with reckless disregard and/or reckless indifference to the rights of Plaintiff and class members entitling them to punitive damages in an amount to be determined by a jury.

59. Defendant's actions were willful and malicious and violated the FMLA entitling Plaintiff and class members to attorneys' fees and costs pursuant to 29 C.F.R. § 825.400(c).

WHEREFORE, Plaintiff prays for the following relief for himself and on behalf of a class of similarly situated individuals:

1. That the Court award Plaintiff and each class member damages set forth in this Complaint, including lost wages and benefits, back pay, front pay, damages for indignity, embarrassment, humiliation, annoyance, inconvenience, and emotional distress, liquidated damages, punitive damages in an amount to be determined by the jury, pre- and post- judge interest, attorneys' fees and costs, and all remedies available under the FMLA;

2. Punitive damages;

3. Injunctive relief; and

4. Such further relief as this court may deem just and equitable.

**PLAINTIFF DEMANDS A JURY TRIAL**

                                          ALROY T. WEBB,
                                          By Counsel.

/s/ Jonathan R. Marshall
Jonathan R. Marshall (WVSB #10580)
Bailey & Glasser, LLP
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110

Rodney A. Smith (WVSB #9750)
Todd S. Bailess (WVSB #10482)
Bailess Smith PLLC
120 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 342-0550
Facsimile: (304) 344-5529